IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. CASTRO-CRUZ, et al.,<br><br>           Plaintiffs<br><br>                v.<br><br>MUNICIPALITY OF SAN JUAN, et al.,<br><br>           Defendants | CIVIL NO. 08-1965 (JP) |

## OPINION AND ORDER

Before the Court are two motions to dismiss (**Nos. 79 and 85**) filed by Defendant Autoridad de Acueductos y Alcantarillados ("PRASA").  Also before the Court are oppositions thereto filed by Plaintiffs (Nos. 88 and 90).  Plaintiffs filed the instant lawsuit pursuant to Puerto Rico tort law to recover for the death of their mother, Irma Cruz-Carrión ("Cruz"), which was allegedly caused by the negligence of Defendants in maintaining the roadways under their possession and control.  For the reasons stated herein, Defendant PRASA's motions are hereby **DENIED.**

## I.    FACTUAL ALLEGATIONS

Plaintiffs are the children and grandchildren of the decedent, Cruz.  On September 2, 2007, at around 7:00 p.m., Cruz was driving eastbound on PR-3, near KM 6.0.  This location is within the geographic boundaries of the Municipality of San Juan, although it is very close to the border of Carolina.  Upon reaching KM 6.0,

CIVIL NO. 08-1965 (JP)          -2-

Cruz's vehicle fell inside a construction ditch that was allegedly not properly protected or illuminated. Cruz's vehicle allegedly crashed with a single cement barrier that was placed on the side and inside the right-hand eastbound lane of PR-3. As a result of this collision, Cruz's vehicle landed upside down in the construction ditch. She suffered multiple traumas and eventually died of asphyxia from not being able to exit her vehicle.

Plaintiffs further allege that there were no signs warning drivers of the dangerous road conditions. Orange barrels and additional cement barriers were placed to protect the construction ditch the day _after_ the accident occurred.

Plaintiffs allege that Defendant PRASA conducted repairs and left the construction ditch without the necessary protective barriers, signs or illumination. Plaintiffs' allege that Defendant PRASA's negligence was the cause of Cruz's death. Plaintiffs also allege that Defendant OneLink Communications performed work on the open ditch and failed to close off the site or place warning signs.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the United States Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.

CIVIL NO. 08-1965 (JP)            -3-

Id. at 1974.  The First Circuit has interpreted Twombly as sounding
the death knell for the oft-quoted language of Conley v. Gibson,
355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed
for failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." Rodriguez-Ortiz v. Margo Caribe, Inc.,
490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct.
at 1969.  Still, a court must "treat all allegations in the Complaint
as true and draw all reasonable inferences therefrom in favor of the
plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence,
970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Defendant PRASA has filed two separate motions to dismiss.  In
the first (No. 79), Defendant argues that the case should be
dismissed for lack of complete diversity.  In the second motion (No.
85), Defendant PRASA argues that Plaintiff's case should be dismissed
for failure to include an indispensable party; namely, the Puerto
Rico  Department of Transportation and Public Works, an agency of the
Commonwealth of Puerto Rico ("ELA").  The Court will now consider
PRASA's motions in turn.

### A.    **PRASA's First Motion: Lack of Complete Diversity**

Defendant argues that Plaintiffs' complaint should be dismissed
because Plaintiff Carlos Castro Vargas is a resident of Puerto Rico,

CIVIL NO. 08-1965 (JP)              -4-

and therefore a lack of complete diversity exists, since Defendant PRASA is a Puerto Rico Corporation.

Pursuant to 28 U.S.C. § 1332, the Court loses its subject matter jurisdiction if any plaintiff is a citizen of the same state as any defendant. See Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 207 (D.P.R. 2009). "Historically, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants." Id. (citing Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)). The United States Supreme Court has held that in a case involving multiple plaintiffs and defendants, "the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 553 (2005).

In support of its motion, PRASA claims that Plaintiffs filed a lawsuit in state court based on the same facts giving as those rise to this action. In the state court suit, Plaintiffs allege that Plaintiff Carlos Castro Vargas ("Castro") is domiciled at 10 S.E. #1181, Caparra Terrace, San Juan, Puerto Rico. Therefore, PRASA argues that complete diversity is lacking in the instant lawsuit. In response, Plaintiffs claim that Plaintiff Castro is a member of the United States Navy, and that he is currently on duty aboard the USS Halyburton patrolling the waters of the Gulf of Eden. Plaintiffs' counsel obtained a copy of Casto's Florida driver's

CIVIL NO. 08-1965 (JP)          -5-

license, which lists his address at 2001 Hodges Boulevard, Apt. 204, Jacksonville, FL, 32224.   Because Castro is on a naval vessel, Plaintiffs' counsel has not been able to contact him to confirm whether his domicile is in Puerto Rico or Florida.   However, Plaintiffs have agreed to voluntarily dismiss without prejudice Plaintiff Castro's complaint.   The Court will enter a separate judgment accordingly.   As such, PRASA's motion to dismiss for lack of complete diversity is **DENIED**.

### B.   **PRASA's Second Motion: Failure to Name an Indispensable Party and the Colorado River Doctrine**

Next, Defendant PRASA argues that Plaintiff's complaint should be dismissed for failure to include ELA as an indispensable party. Plaintiffs filed a companion case in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, which also includes ELA as a Defendant.   PRASA argues that ELA is a necessary party in the instant lawsuit pursuant to P.R. Laws Ann. tit. 3, § 422, which states that ELA is "liable for injuries to persons or property occurring through a defect or want of repair, or of sufficient protection in or upon a Commonwealth highway in charge of the Department of Transportation and Public Works."

### 1.   **Dismissal under Rule 19 of the Federal Rules of Civil Procedure**

Rule 19(a) of the Federal Rules of Civil Procedure sets forth the elements for determining whether a party is necessary or

CIVIL NO. 08-1965 (JP)              -6-

indispensable to a civil action.  Rule 19(a) states, in pertinent

part, that:

> A person who is subject to service of process and whose
> joinder will not deprive the court of jurisdiction over
> the subject matter of the action shall be joined as a
> party in the action if (1) in the person's absence
> complete relief cannot be accorded among those already
> parties, or (2) the person claims an interest relating to
> the subject of the action and is so situated that the
> disposition of the action in the person's absence may (i)
> as a practical matter impair or impede the person's
> ability to protect that interest or (ii) leave any of the
> persons already parties subject to a substantial risk of
> incurring double, multiple, or otherwise inconsistent
> obligations by reason of the claimed interest. If the
> person has not been so joined, the court shall order that
> the person be made a party.

Fed. R. Civ. P. 19(a).  If an individual fits the requirements set

forth in Rule 19(a) but joinder is not feasible, a court must take

a second step.  It must determine whether "in equity and in good

conscience the action should proceed among the parties before it, or

should be dismissed."  Fed. R. Civ. P. 19(b); see Cintron v. San Juan

Gas, Inc., 79 F. Supp. 2d 16, 18 (D.P.R. 1999).  To make this

determination, a court considers four factors:

> [F]irst, to what extent a judgment rendered in the
> person's absence might be prejudicial to the person or
> those already parties; second, the extent to which, by
> protective provisions in the judgment, by the shaping of
> relief, or other measures, the prejudice can be lessened
> or avoided; third, whether a judgment rendered in the
> person's absence will be adequate; fourth, whether the
> plaintiff will have an adequate remedy if the action is
> dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

CIVIL NO. 08-1965 (JP)          -7-

Put simply, when applying Rule 19(a), a court must decide whether considerations of efficiency and fairness, growing out of the particular facts of the case, require that a particular individual be joined as a party.  When applying Rule 19(b), a court will ask whether it is so important, in terms of efficiency or fairness, to join this individual, that, in the person's absence, the suit should not go forward at all.  <u>Pujol v. Shearson/American Express</u>, 877 F.2d 132, 134 (1st Cir. 1989).

PRASA argues that if the jury finds for Plaintiffs, and any liability is imputed to PRASA, then PRASA could be required to pay the full amount because of its joint and several obligation to the Plaintiffs.  PRASA would then have a cause of action for contribution against the other Defendants who caused Plaintiffs' damages, including ELA.  However, PRASA could not institute a cause of action in this Court against ELA for its share of the damages because ELA is immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution.  <u>See</u> <u>Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth.</u>, 991 F.2d 935, 938 (1st Cir. 1993).  Accordingly, PRASA claims it cannot be granted complete relief.  With regard to Rule 19(b), PRASA argues that Plaintiffs' case should be dismissed in the interest of fairness and efficiency.

In response, Plaintiffs argue that the fact that ELA is a joint tortfeasor in this case does not necessarily make it an indispensable party to the proceedings.  The Court agrees with Plaintiffs.  It is

CIVIL NO. 08-1965 (JP)            -8-

well-established by this Court that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Figueroa v. Chrysler Corp., 79 F. Supp. 2d 20, 25 (D.P.R. 1999) (citing Temple v. Synthes Corp., 498 U.S. 5 (1991)).  The United States Court of Appeals for the First Circuit has stated that "[A] person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20." Pujol v. Shearson Am. Express, Inc., 877 F.2d 132, 137 (1st Cir. 1989).   Further, a suit against one tortfeasor does not compel the joinder of other tortfeasors. See Flynn v. Hubbard, 782 F.2d 1084, 1088 (1st Cir. 1986).  Therefore, the Court finds that ELA is not an indispensable party whose exclusion warrants dismissal pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### 2.    The Colorado River Doctrine

Finally, PRASA argues that Plaintiffs' federal lawsuit should be dismissed to avoid piecemeal litigation, given that Plaintiffs have also filed a lawsuit in the state court.

The Colorado River doctrine permits a federal court to abstain from exercising jurisdiction over a case where parallel proceedings are ongoing in a state forum.  The principle purpose of the Colorado River doctrine is to avoid duplicative litigation when concurrent lawsuits involving the same issues are filed in federal and state courts.  See Colorado River Water Conservation District v. United

CIVIL NO. 08-1965 (JP)           -9-

States, 424 U.S. 800, 817 (1976).  This abstention doctrine is based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 14-15 (1983) (quoting Colorado River, 424 U.S. at 817).  Federal courts, however, have an obligation to exercise the jurisdiction bestowed upon them by the United States Constitution and Congress, and, therefore, surrendering jurisdiction under the Colorado River doctrine is allowed only in "exceptional circumstances."  Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 532 (1st Cir. 1991).

     In Colorado River, the United States Supreme Court listed four factors that federal courts should weigh when determining whether or not to abstain from hearing a case in an effort to prevent duplicative litigation in state and federal courts: (i) whether property is involved in the litigation and another court has already exercised jurisdiction over it; (ii) whether the federal forum is inconvenient; (iii) whether staying or dismissing the suit would avoid piecemeal litigation; and (iv) whether jurisdiction was obtained in the state forum first.  See Colorado River, 424 U.S. at 818-19.  The Supreme Court later added two more factors for consideration: (v) whether state or federal law controls the action; and (vi) whether the state forum will adequately protect the interests of the parties.  See Moses H. Cone, 460 U.S. at 25-26.

CIVIL NO. 08-1965 (JP)          -10-

Because dismissals or stays should be ordered only in exceptional circumstances, the district court approaches the weighing of the relevant factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Id. at 16.   As observed by the First Circuit, the Colorado River/Moses H. Cone standard suggests that "there will be rare cases in which 'exceptional circumstances' will exist justifying stay or dismissal because of a concurrent state proceeding." González v. Cruz, 926 F.2d 1, 3 (1st Cir. 1991).

    The first two factors do not contribute to the Court's analysis. The first factor is inapplicable because no property is involved in this complaint.   The second factor is irrelevant because the federal forum in the United States District Court in San Juan, Puerto Rico, is no less convenient for any party than the state court, which is also located in San Juan.   Therefore, the Court shall limit its discussion to the remaining Colorado River/Moses H. Cone factors.

    The third factor involves the avoidance of piecemeal litigation. The risk of piecemeal litigation arises when the ruling from the state court would render the federal court's opinion merely advisory, or vice-versa. United States v. Fairway Capital Corp., 483 F.3d 34, 42 (1st Cir. 2007).   The First Circuit has stated that "in considering whether the concern for avoiding piecemeal litigation should play a role in this case, the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for

CIVIL NO. 08-1965 (JP)          -11-

requiring the case to proceed entirely in [state] court." <u>Id.</u>
(citing <u>Villa Marina Yacht Sales</u>, 915 F.2d at 16). This factor
likewise bears little weight on the Court's analysis because the case
involves the straightforward application of tort law, and there is
no exceptional basis for this case to proceed entirely in state
court. Even though a similar local court case was filed around the
same time as the instant case, this Court understands the state court
action to be pending at an early stage of the proceedings.

The fourth factor, the order in which jurisdiction was obtained,
or the "priority factor," looks not only to which case was filed
first, but also to "how much progress has been made in the two
actions." <u>Fuller Co. v. Ramón I. Gil, Inc.</u>, 782 F.2d 306, 310 n.5
(1st Cir. 1986) (quoting <u>Moses H. Cone</u>, 460 U.S. at 21). The
parties have not made it clear whether the instant case or the state
case was filed first. PRASA informs the Court that the two cases are
at approximately the same stage, although no scheduling orders have
been entered in the state case. The Initial Scheduling Conference
was already held in the instant case, and dates have been set for the
pre-trial conference and trial in October and November of this year,
respectively (No. 71). Given the overburdened docket that often
causes delays in the Puerto Rico court system, it is highly likely
that the case will proceed to trial first in federal court. In view
of this reality, the Court finds that the priority factor weighs
against abstention.

CIVIL NO. 08-1965 (JP)          -12-

The remaining two factors are whether federal or state law is controlling, and whether the state forum would adequately protect the interests of the parties. With respect to the first, the controlling law in this action is Puerto Rico law, not federal law. A court may stay a case because of the presence of state law issues only in "rare circumstances." <u>Moses H. Cone</u>, 460 U.S. at 26. "Courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." <u>Villa Marina Yacht Sales, Inc. v. Hatteras Yachts</u>, 915 F.2d 7, 15 (1st Cir. 1990) (citations omitted). This case does not involve complex questions of state law. Rather, this case is an action under established tort law. Therefore, this factor also weighs against abstention.

After considering the <u>Colorado River</u>/<u>Moses H. Cone</u> factors, the Court concludes that proceeding with the instant complaint would best protect the interests of the parties involved. The Court finds that because of the likely delay at the local level in moving forward with the trial proceedings, the Court cannot say that the state forum can adequately protect the interests of the parties.

After carefully balancing all of the relevant factors, it is clear that the heavy presumption favoring jurisdiction has not been overridden in this case. This action presents no exceptional circumstances clearly warranting a stay. Therefore, Defendant PRASA's motion is **DENIED**.

CIVIL NO. 08-1965 (JP)            -13-

## IV.   **CONCLUSION**

In conclusion, the Court **DENIES** Defendant PRASA's motions to dismiss.  Additionally, the Court will enter a separate judgment dismissing without prejudice Plaintiff Castro's complaint.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this *12th* day of August, 2009.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE