IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. CASTRO-CRUZ, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>MUNICIPALITY OF SAN JUAN, et al.,<br><br>    Defendants | CIVIL NO. 08-1965 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant One Link Communications' ("Onelink") motion for summary judgment (**No. 98**), and Plaintiffs' opposition thereto (No. 101). Plaintiffs brought the instant action pursuant to Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141, to recover for the death of their mother, Irma Cruz-Carrión ("Cruz"), which was allegedly caused by the negligence of Defendants in maintaining the roadways in their possession and control. For the reasons stated herein, Defendant Onelink's motion for summary judgment is hereby **DENIED**.

I. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following material facts were deemed uncontested by all parties hereto at the May 18, 2009, Further Scheduling Conference (No. 71).

    1.  On September 2, 2007, at or around 7:00 p.m., Mrs. Irma Cruz-Carrión, was driving east bound on PR-3,

CIVIL NO. 08-1965 (JP)             -2-

   kilometer 6.0, within the geographic boundaries of the Municipality of San Juan.
2. The place where the alleged accident took place is just before the bridge on 65th Infantry Avenue over the creek that separates the municipalities of San Juan and Carolina.
3. Over the creek, the roadway consists of three lanes.
4. The bridge also has a sidewalk on the extreme right.
5. Just before the bridge, the roadway has an acceleration lane to the right that merges into the next lane to the left.
6. In the median, there are lightposts.
7. There was a concrete barrier there, and the parties will present evidence to the jury regarding its exact location and its color.
8. Beyond the concrete barrier, there is the bank of the creek sloping downwards into the creek.
9. At the time of the accident, to the right of the road and beyond the shoulder, there were cyclone fence rectangular boxes ("gaviones") in which large stones are placed.
10. Those boxes are used to stabilize the ground and prevent mudslides.
11. A police report was written and dated September 2, 2007.
12. An autopsy report was created and dated September 3, 2007.

CIVIL NO. 08-1965 (JP)             -3-

    The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were agreed upon, or they were properly supported by evidence and not genuinely opposed.

    a.    On February 26, 2004, the Department of Transportation and Public Works ("DTOP") prepared a Cost Estimate for the construction of a gavion retaining wall in the PR-3, Colo Ward, Municipality of Carolina.  The Cost Estimate was later revised on January 25, 2005.

    b.    In the extension denominated as Parque Escorial, Onelink has installed fiber optic cable underground facilities.

    c.    On April 8, 2007 there was a fiber outage in the area. The work done consisted of pulling the fiber optic cable reserve from Rio Piedras, splicing the affected fiber optic cable, and the installation of an enclosure to protect the fiber splices.

    d.    In the week ending on August 30, 2007, J.S. Construction (Onelink contractor) removed a flush mount vault which measured 24x36 in order to replace it with a larger flush mount vault measuring 30x48.

    e.    The accident alleged in the Complaint occurred on September 2, 2007.

    f.    On September 6, 2007, there was a fiber outage reported in Parque Escorial.  Onelink went to the area to identify or

CIVIL NO. 08-1965 (JP)        -4-

       try to locate the exact position of the outage. Once they were in the area, they found a broken fiber optic cable.

  g.  Construction work was effectuated after September 6, 2007 by J.S. Construction in the Parque Escorial area.

  h.  On or about July 2, 2007, DTOP commenced work to repair a land slide that occurred at the site of the accident due to the collapse of pipes belonging to the Puerto Rico Aqueducts and Sewers Authority.

  i.  Mr. Michael Hernández was the Onelink supervisor at the site.

  j.  According to the police report, the accident area was not duly protected for a construction area.

## II.  **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating

CIVIL NO. 08-1965 (JP)          -5-

the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

CIVIL NO. 08-1965 (JP)            -6-

### III. <u>ANALYSIS</u>

Defendant argues that Plaintiffs' claims alleging negligence must fail because Plaintiffs have failed to make out a *prima facie* case of negligence under Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802").  The Court will now consider Defendant Onelink's argument in turn.

#### A.   <u>Negligence</u>

Under Article 1802, the recovery of tort damages requires that a defendant "by act or omission cause damage to another through fault or negligence."  P.R. Laws Ann. tit. 31, § 5141.  Said Article, articulates three elements for a tort claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission. <u>See</u> <u>Vázquez-Filippetti v. Banco Popular de Puerto Rico</u>, 504 F.3d 43 (1st Cir. 2007); <u>Torres v. Kmart, Corp.</u>, 233 F. Supp. 2d 273 (D.P.R. 2002).

##### 1.   **Negligent or Intentional Act or Omission**

In determining whether a party committed a negligent act, courts look at (i) whether there is a duty to act and (ii) whether the party with the duty to act breached that duty. <u>Vázquez-Filippetti v. Banco Popular de Puerto Rico</u>, 504 F.3d 43 (1st Cir. 2007).  A defendant is required to act like a reasonably prudent person would act under the circumstances.  <u>See</u> <u>Santiago v. Reliable Financial Services, Inc.</u>, 526 F. Supp. 2d 226 (D.P.R. 2007).

CIVIL NO. 08-1965 (JP)         -7-

### a. Duty

In the instant action, Plaintiffs have met their burden and demonstrated that there is a material issue of fact as to whether Onelink owed Cruz a duty. In their motion, Defendant Onelink submits that it was DTOP who owed a duty to Cruz because they had "control, custody and jurisdiction over the area" where the accident occurred. To support its conclusion, Onelink points to the record to show that DTOP was effectuating construction work in the area of the accident to repair significant ground erosion in the area. Onelink also argues that it did not owe a duty because it did no construction in the area where the accident occurred until after the accident occurred.

In response, Plaintiffs point to evidence in the form of depositions, affidavits, and reports, to show that there is a question of material fact as to whether there was a duty owed by Onelink. Plaintiffs submit evidence to support their allegation that Onelink had control of the area of the accident. Plaintiffs rely on the testimony of Richard Veguilla ("Veguilla") who states that Defendant Onelink assumed control of the area from DTOP while Onelink was working in the area of the accident.

Furthermore, in his deposition, Veguilla states that DTOP stopped working in the accident site to allow Onelink to do its work and that, on the date of the accident, Onelink was still working at said site. Veguilla's statements are supported by the affidavit of

CIVIL NO. 08-1965 (JP)          -8-

Michael Hernandez who stated that Onelink was working in the area of the accident from April 2007 until approximately October or November of 2007. The allegation that Onelink was in control of the site around the time of the accident is further supported by the deposition and the sworn statement from Jonathan Mercado.

Viewing the evidence in the light most favorable to Plaintiffs, the Court finds that a reasonable jury could conclude that Onelink owed a duty to Cruz. Accordingly, the Court finds that there is a material issue of fact as to whether Onelink and/or DTOP owed the duty to Cruz.

### b.   Breach of Duty

In regard to the breach of duty, there is sufficient evidence for a jury to conclude that whoever owed a duty to Cruz breached said duty. As stated by Defendant Onelink in its memorandum of law in support for summary judgment:

> both [Plaintiffs' and Defendant's] experts practically agree that . . . traffic controls were mandatory and were not placed in the area; that there should have been, at least, a concrete barrier system bordering along the length of the hole or cavity; that there was no channelizing of traffic to safeguard motorists; and that no pavement edge borderlines were painted.

The police report also supports the conclusion that whoever had control of the site did not adequately protect the construction area where the accident occurred. Accordingly, the Court concludes that there is sufficient evidence for a jury to find that, when there is a dangerous hole such as the one in this case, a reasonably prudent

CIVIL NO. 08-1965 (JP)          -9-

person would have at least taken some of the safety measures recommended by the Plaintiffs' and Defendant's experts. Thus, the Court finds that there is a question of material fact as to whether whoever owed the duty to Cruz breached it.

### 2.   Damages

Defendant does not raise any argument that the element of damage is not met. The damage claimed is that Cruz died as a result of the accident. The Court finds that there is sufficient evidence for a jury to conclude that there was damage.

### 3.   Causal Nexus Between Damages and Negligent Act or Omission

To succeed in their cause of action, Plaintiffs must prove that the negligent act of the individual caused the damage. See Jiménez v. Pelegrina, 112 D.P.R. 700 (1982). Liability will attach when the Defendant's negligence is the proximate cause of the damages. Widow of Delgado v. Boston Insurance Co., 99 D.P.R. 714 (1971). When determining whether there is proximate cause, courts look at whether the resulting damage was a foreseeable consequence of the breach. Santiago v. Reliable Financial Services, 526 F. Supp. 2d 226 (D.P.R. 2007).

In the instant case, there is sufficient evidence for a jury to conclude that the breach was the cause of the damage. First, Plaintiffs' expert report, prepared by Steven Schorr, supports the conclusion that the breach, the lack of adequate safety measures

CIVIL NO. 08-1965 (JP)            -10-

around the accident area, was the actual cause of the damage because he concludes that if the proper traffic controls had been in place, the accident would have been avoided.  Furthermore, from the evidence presented, the Court finds that a reasonable jury could determine that it was foreseeable that failing to take the adequate safety measures to protect the accident area could lead to the type of accident that occurred here.  Thus, the jury could conclude that the breach was the proximate cause of the damage.

Accordingly, the Court finds that there is a question of material fact as to whether the breach of failing to adequately provide safety measures around the area of the accident was the cause of the damage, the death of Cruz.

**IV. CONCLUSION**

In conclusion, the Court **DENIES** Defendant Onelink's motion for summary judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of October, 2009.

                                    s/Jaime Pieras, Jr.
                                    JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE